UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRYANT W. PLITT, | ) | 1:07-CV-00341 AWI SMS HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | [Doc. #9] |
| | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| ON HABEAS CORPUS, | ) | [Doc. #1] |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 3, 2007, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DISMISSED without prejudice because the filing document was not a petition but a letter from the prisoner. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On April 16, 2007, Petitioner filed objections to the Findings and Recommendation. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based

on the points raised in the objections.

As discussed by the Magistrate Judge, the instant case was opened erroneously and then transferred to this Court. Petitioner had not submitted a petition; rather, he submitted a letter to the Court merely advising the Court of his pending state petition. When the case was opened based on this letter, Petitioner sent a letter dated February 28, 2007, in which he requested the Clerk of Court how it happened that a case was opened. Specifically, he stated: "[A]nd my question to you is how this document (referring to the civil case docket) came about."

In his objections, Petitioner reiterates that he may or may not be in violation of the limitations period. He acknowledges that he is currently exhausting his claims in state court. He also complains that prison authorities have wilfully lost or destroyed his legal documents, and he requests a stay of federal proceedings.

With respect to his claim of foul play on the part of prison authorities, Petitioner is challenging the conditions of his confinement. Such a claim is not appropriate in a habeas proceeding and must be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983. However, Petitioner is advised that this complaint would be relevant in the future if he should file a federal petition upon exhaustion of his state remedies and the subject of the limitations period should arise.

Further, Petitioner's request for a stay of the proceedings is DENIED. Petitioner has not filed a petition with the Court, and even if he had, all of his claims are completely unexhausted. As such, the petition would necessarily be dismissed. 28 U.S.C. § 2254(b)(1).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued April 3, 2007, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DISMISSED without prejudice;

3. All pending motions are DENIED; and

4. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:**   **May 10, 2007**              /s/ Anthony W. Ishii
                                    UNITED STATES DISTRICT JUDGE